UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00424

**Jimmy Woodard,**
*Plaintiff,*
v.
**TG Natural Resources LLC et al.**
*Defendants.*

# ORDER

Plaintiff sued defendants for alleged violations of state law in a dispute concerning oil, gas, and mineral rights. Doc. 1. The case was referred to a magistrate judge, who identified several deficiencies in the original complaint and directed plaintiff to cure those deficiencies with an amended complaint. Doc. 4. Plaintiff filed an amended complaint. Doc. 6. Defendants moved to dismiss, and plaintiff moved for leave to file a second amended complaint. Doc. 13; Doc. 14; Doc. 15; Doc. 30. The magistrate judge then issued a report recommending that defendants' motions to dismiss be granted, that the motion for leave to file a second amended complaint be denied, and that the amended complaint be dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 61. Plaintiff filed written objections and an additional motion for leave to amend the complaint. Doc. 62; Doc. 63.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not

entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff does not object to the report's finding that the parties are not diverse and, thus, that the court lacks diversity jurisdiction under 28 U.S.C. § 1332. Rather, plaintiff objects that the report failed to consider his second amended complaint, which he deems operative. Doc. 62 at 1. Plaintiff's second amended complaint is not operative, however, because he did not have leave to file it. His objections based on the proposed second amended complaint are thus without merit.

Plaintiff next objects that the report applied the wrong leave-to-amend standard. Doc. 62 at 3. This objection is also unavailing. As the report correctly stated, the court need not permit additional opportunities to replead if amendment would be futile. Doc. 61 at 4; *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

Here, leave to amend would be futile because plaintiff continues to assert a deficient basis for federal jurisdiction. Plaintiff's original complaint included claims under 42 U.S.C. § 1983. Doc. 1. The court ordered plaintiff to amend because, among other things, he did not allege facts showing any action by a state actor sufficient to state a claim pursuant to § 1983. Doc. 4 at 2. Plaintiff then filed his amended complaint asserting diversity jurisdiction and multiple state law claims. *See generally* Doc. 6. Neither of the proposed amended pleadings (Doc. 31; Doc. 63-2) allege facts showing state action by a state actor, as required to state a claim pursuant to § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); 42 U.S.C. § 1983. Instead, defendants are identified as corporate entities. And plaintiff has not alleged any action by defendants that would qualify them as state actors. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019). Amendment is thus futile because the proposed pleadings do not state a viable claim for relief.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court denies plaintiff's motions to amend his complaint (Doc. 30; Doc. 63) and grants defendants' motions to dismiss the amended complaint (Doc. 14; Doc. 15). The court dismisses this action without prejudice for lack of subject-matter jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on August 18, 2026.*

J. CAMPBELL BARKER
United States District Judge